## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Noam J. Kritzer (nkritzer@bakoskritzer.com)
Edward P. Bakos (ebakos@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 212-724-0770
Facsimile: 973-520-8260

*Counsel for Plaintiff:*
*Ab Coaster LLC d/b/a The Abs Company*

| | |
|---|---|
| **AB COASTER LLC** ) | |
| **d/b/a THE ABS COMPANY** ) | |
| **(a New Jersey limited liability company),** ) | **CIVIL ACTION FILE NUMBER:** |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **ABELBECK PARTNERS, LTD.** ) | |
| **(a Colorado limited partnership) and** ) | *Document filed Electronically* |
| **MILO FITNESS, LLC** ) | |
| **(a Colorado limited liability company),** ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT
## NONINFRINGEMENT, PATENT INVALIDITY, AND DEMAND FOR JURY TRIAL

This is an action brought under the Declaratory Judgment Act by Plaintiff Ab Coaster LLC

d/b/a The Abs Company ("The Abs Company"), a New Jersey limited liability company, against

Defendants Abelbeck Partners, Ltd. ("Abelbeck Partners"), a Colorado limited partnership, and

Milo Fitness, LLC ("Milo Fitness"), a Colorado limited liability company.  Upon actual knowledge

with respect to itself and its acts, and upon information and belief as to all other matters, The Abs

Company alleges as follows:

## THE PARTIES

1.      Plaintiff The Abs Company is a New Jersey limited liability company having its principal place of business at 4 Goldmine Road, Suite 5, Flanders, New Jersey 07836.

2.      Upon information and belief, Defendant Abelbeck Partners is a Colorado limited partnership having its principal place of business at 1230 Twinberry Court, Fort Collins, Colorado 80525.

3.      Upon information and belief, Defendant Milo Fitness is a Colorado limited liability company having its principal place of business at 1230 Twinberry Court, Fort Collins, Colorado 80525.

## JURISDICTION AND VENUE

4.      This is a civil action for declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises under the Patent Laws of the United States, Title 35 of the United States Code (35 U.S.C. §§ 100 et seq.).  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves substantial claims arising under the Patent Laws of the United States together with related claims for patent infringement.  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 2201, as it involves substantial claims arising under the Federal Declaratory Judgment Act.

5.      Upon information and belief, personal jurisdiction is proper in this Court as to Defendant Abelbeck Partners because Abelbeck Partners solicits business and conducts business within the State of New Jersey.  In addition, upon information and belief, Abelbeck Partners has licensed rights in its intellectual property to Defendant Milo Fitness for exploitation within the State of New Jersey.  The Court has personal jurisdiction over Abelbeck Partners pursuant to N.J.

Ct. R. 4:4-4 and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. §1391(c), and 28 U.S.C. §1400(b).

6.      Upon information and belief, personal jurisdiction is proper in this Court as to Defendant Milo Fitness because Milo Fitness solicits business and conducts business within the State of New Jersey, including but not limited to maintaining a website with access in New Jersey, marketing of customers in the State of New Jersey, and having commercial and residential sales in the State of New Jersey through its website.   A copy of a printout from the website http://www.milofit.com/purchase/ depicting a web-based offer for sale (attached as Exhibit A) demonstrates that Milo Fitness' products are marketed to customers within the State of New Jersey. Therefore, the Court has personal jurisdiction over Milo Fitness pursuant to N.J. Ct. R. 4:4-4 and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 28 U.S.C. § 1400(b).

7.      The Abs Company is a resident of this district.

## BACKGROUND

8.      The Abs Company is a developer, manufacturer, and marketer of fitness equipment.

9.      Among the products sold by The Abs Company is the "TIREFLIP 180."

10.      Upon information and belief, Defendants market and offer for sale an exercise product under the brand name "FLIPPER."

11.      The TIREFLIP 180 product competes directly with Defendants' exercise product under the brand name "FLIPPER."

12.      On September 29, 2015, U.S. Patent No. 9,144,704 ("the '704 patent") entitled "Control System and Exercise Device" issued.   A true and correct copy of the '704 patent is attached hereto as Exhibit B.

13.     Upon information and belief, Defendant Abelbeck Partners is the owner and assignee of the '704 patent.

14.     Upon information and belief, Defendant Abelbeck Partners has granted Defendant Milo Fitness the exclusive rights under the '704 patent to at least market and sell an exercise product under the brand name "FLIPPER."

15.     On July 29, 2014, the United States Patent and Trademark Office ("USPTO") issued an Office Action in connection with the application which ultimately issued as the '704 patent.  In response to the Office Action, on October 21, 2014, Kevin G. Abelbeck (the named inventor of the '704 patent) included the following annotated figure:



16.     Kevin G. Abelbeck (the named inventor of the '704 patent) further stated:

Claim 11 has been amended to include more specific detail in the preamble of the claim, thereby distinguishing it from Fulks '578.  **Claim 11 now includes specific elements of the exercise device (44) which are clearly shown in Figures 4-8 of the application as originally filed.**

The exercise device (44) as shown in more detail in Figure 3 above, includes a longitudinal center section (A), defining a first end (B) and a second end (C) and two substantially equal end sections (D), one of each of the end sections (D) coupled to the first end (B) and the second end (C) of the center section (A), substantially at a midpoint of the

4

end sections (D).  A pin (E), adapted to receive a weight plate, may be coupled to the center section (A).  A bumper (F) may be coupled to each of a top portion and a bottom portion of each of the end sections, whereby the exercise device (44) may be supported on two of the bumpers and flipped over to be supported by two other bumpers.  Figure 3 of the original disclosure shows this but it is even clearer in combination with the rest of the figures.  No new matter is added.  The detail of the exercise device as is added to the preamble of Claim 11 is not taught or suggested by Fulks '578.  This is understandable in that the purpose of the invention of the amended claims is very different from the single axis pivot arm of Fulks '578, which is intended to rotate the exercise lever arm (20) in one direction to perform an exercise and have the resistance return the arm (20) to its starting position.  It is not to mount to and support a specific device (44) and guide it as it is rotated completely over to the other side.

(Oct. 21, 2014 Applicant Arguments/Remarks Made in an Amendment, p. 14) (emphasis added).

17.     On February 10, 2015, the USPTO issued an Office Action in connection with the application which ultimately issued as the '704 patent.  Upon information and belief, the Office Action demonstrates that the patent examiner (1) adopted the applicant's October 21, 2014 remarks regarding the claimed invention, and (2) allowed the claims that issued based on the applicant's October 21, 2014 remarks regarding the claimed invention.

18.     In response to the Office Action, on May 8, 2015, Kevin G. Abelbeck (the named inventor of the '704 patent) included the following annotated figure:



Fig. 6

19.     Kevin G. Abelbeck (the named inventor of the '704 patent) stated:

Claim 11 has been amended to include the substantially equal end sections are "coupled to" the longitudinal center section. **This removes an ambiguity regarding if the end sections are part of the longitudinal center section, as they are separate from the longitudinal center section in order to be coupled to the longitudinal center section.**

Claim 11 was further amended to include that one of each of the end sections is coupled to the first end and the second end respectively of the longitudinal center section. This clarifies that one end section is coupled to each end of the longitudinal center section. **In addition, these end sections are coupled to the longitudinal center section at a midpoint of each of the end sections, therefore not to be suggested that this midpoint is a point in the middle between the two end portions.**

(May 8, 2015 Applicant Arguments/Remarks Made in an Amendment, pp. 7-8) (emphasis added).

20.     Kevin G. Abelbeck (the named inventor of the '704 patent) further stated:

The Applicant has amended Claim 1[sic]in accordance with the Examiner's requirement as detailed in Section 1.0 of this amendment. Claims 12-20 depend from the amended Claim 11. **In addition, Claim 21 has been amended to include the limitations of newly amended Claim 11, providing a method of use of the device of amended Claim 11.** The Applicant respectfully presents this amended Claim 21 to also be in a condition for allowance.

(May 8, 2015 Applicant Arguments/Remarks Made in an Amendment, p. 9) (emphasis added).

21.     Claim 11 in the application ultimately issued as claim 1 of the '704 patent.

22.     Claim 21 in the application ultimately issued as claim 11 of the '704 patent.

## THE CONFLICT

23.     On March 24, 2016, Defendant Abelbeck Partners sent The Abs Company a notice of the '704 patent through a letter to its President Mr. Don Brown. A true and correct copy of the letter is attached hereto as Exhibit C.

24.     The letter directed The Abs Company to contact Kevin G. Abelbeck (the named inventor of the '704 patent) and President of Defendant Milo Fitness, LLC.

25.     The letter included a photograph (reprinted below) of what appears to be a TIREFLIP 180 product annotated with elements claimed in claims 1 and 11 of the '704 patent.



"TireFlip 180" by the Abs Company as shown at IHRSA, March 23, 2016, Orlando, FL.

26.     Defendants, through their actions, have placed The Abs Company in reasonable apprehension of a suit asserting infringement against the TIREFLIP 180 product, which does not contain each and every element of the '704 patent.

27.     Based on the allegations made by Plaintiff, there is a substantial controversy over infringement of the '704 patent by the TIREFLIP 180 product, between The Abs Company and the Defendants, parties having adverse legal interests, of sufficient immediacy to warrant the issuance of a declaratory judgment.

## FIRST CLAIM FOR RELIEF
### Declaration of Non-Infringement
#### ('704 patent)

28.     The Abs Company repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

29.     An actual case or controversy exists between The Abs Company and Defendants, regarding whether or not The Abs Company infringes one or more claims of the '704 patent.

30.     The Abs Company does not infringe, induce infringement of, and/or contributorily infringe, and has not infringed, induced infringement of, and/or contributorily infringed any valid and enforceable claim of the '704 patent.

31.     Without declaratory relief, The Abs Company will be irreparably harmed and damaged.

## SECOND CLAIM FOR RELIEF
### Declaration of Invalidity
#### ('704 patent)

32.     The Abs Company repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

33.     The Abs Company believes that the '704 patent is invalid and void for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112

34.     An actual controversy exists between The Abs Company and Defendants regarding whether or not each claim of the '704 patent is valid.

35.     Without declaratory relief, The Abs Company will be irreparably harmed and damaged.

36.     The Abs Company is entitled to a judgment declaring that each claim of the '704 Patent is invalid for failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### **PRAYER FOR RELIEF**

WHEREFORE, The Abs Company prays that the Court enter judgment against Defendants as follows:

A.     A declaration that The Abs Company has not infringed, induced infringement of, or contributorily infringed, and does not infringe, induce infringement of, and/or contributorily infringe, any valid or enforceable claim of U.S. Patent No. 9,144,704;

B.     A declaration that U.S. Patent No. 9,144,704 is invalid and void for failure to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.     A declaration that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

D.     An award to The Abs Company of their costs, attorney fees, and expenses pursuant to 35 U.S.C. § 285; and

E.     That The Abs Company be awarded such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Ab Coaster LLC hereby demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted April 19, 2016,

s/ Noam J. Kritzer
Noam J. Kritzer (nkritzer@bakoskritzer.com)
Edward P. Bakos (ebakos@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260

*Counsel for Plaintiff:*
*Ab Coaster LLC d/b/a The Abs Company*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Ab Coaster LLC, by their undersigned counsel, hereby certify pursuant to Local Civil Rule 11.2 that the matters in controversy are not the subject of any other action pending in any other court or of any other pending arbitration or administrative proceeding.

Respectfully submitted April 19, 2016,

s/ Noam J. Kritzer
Noam J. Kritzer (nkritzer@bakoskritzer.com)
Edward P. Bakos (ebakos@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260

*Counsel for Plaintiff:*
*Ab Coaster LLC d/b/a The Abs Company*